UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Canaan Johnson,<br><br>           Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>           Defendant. | Case No. 1:18-cv-316<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1. In January of 2017, Plaintiff Canaan Johnson—who works for Defendant Union Pacific Railroad Co.—fainted while at home. Investigation of the cause, which remains unknown, resulted in Johnson's doctor diagnosing Johnson with narcolepsy. Johnson's doctor subsequently released Johnson to work without any restriction; however, pursuant to its pattern and practice of violating the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Union Pacific refused to return Johnson to work.

## PARTIES

2. Johnson, who resides in Taylor, Texas, works for Union Pacific.

3. Union Pacific, which is a railroad carrier that is engaged in interstate and foreign commerce, is headquartered in Omaha, Nebraska and may be served by serving its registered agent CT Corporation System at 1999 Bryan St., St. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Johnson's ADA claims under 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 because Johnson resides in the Western

District of Texas, Union Pacific operates in the Western District of Texas, and the illegal conduct occurred in the Western District of Texas.

## FACTUAL ALLEGATIONS

6. Johnson works for Union Pacific.

7. In January of 2017, Johnson fainted while at home.

8. The cause of Johnson fainting remains unknown, and Johnson's doctor does not believe he is at risk to faint again.

9. While trying to determine why Johnson fainted, Johnson's doctor diagnosed Johnson with narcolepsy.

10. Johnson's narcolepsy prevents him from holding a commercial driver's license; however, it does not prevent him from performing any of his job's essential functions.

11. Nevertheless, Union Pacific has refused to return Johnson to work.

12. Union Pacific's refusal to return Johnson to work is part of its pattern and practice of discriminating against employees on the basis of their disabilities.

## CAUSES OF ACTION

## VIOLATIONS OF 42 U.S.C. § 12101, *et seq*.

13. Union Pacific was Johnson's "employer" within the meaning of the ADA.

14. Johnson is disabled within the meaning of the ADA.

15. Johnson is a qualified individual within the meaning of the ADA.

16. Section 12112(a) of the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

17. Section 12112(b)(5)(A) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ."

18. Union Pacific discriminated against Johnson on the basis of disability when it refused to return him to work.

19. Because Union Pacific violated 42 U.S.C. § 12112, Johnson has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount in excess of $75,000. Johnson is also entitled to attorneys' fees and costs incurred in connection with these claims.

20. Union Pacific committed the above-alleged facts with reckless disregard or deliberate disregard for Johnson's rights and safety. As a result, Johnson is entitled to punitive damages.

## REQUEST FOR RELIEF

21. Johnson requests that the Court find Union Pacific acted in direct violation of the ADA.

22. Johnson further requests that the Court order Union Pacific to:

- reinstate him;

- pay to him an award for compensatory damages arising from loss of income and benefits in an amount to be determined by the trier of fact;

- pay to him an award for garden-variety emotional distress in an amount in excess of $75,000.00;

- pay to him an award for costs (including litigation and expert costs), disbursements, and attorneys' fees; and

- pay to him an award for $300,000 for punitive damages for each violation of the ADA.

23. Johnson further requests that the Court order judgment against Union Pacific for all other relief available under the ADA and such other relief as the Court deems just and equitable.

Dated: April 17, 2018

/s/ *Nicholas D. Thompson*
Nicholas D. Thompson (MN#0389609)*
nthompson@moodyrrlaw.com
THE MOODY LAW FIRM, INC.
500 Crawford St., Suite 200
Portsmouth, VA 23704
Telephone: (757) 393-4093
Fax: (757) 397-7257


*/s/ John R. "Scotty" MacLean*
**John R. "Scotty" MacLean**
State Bar No. 00787942
MACLEAN LAW FIRM, P.C.
4916 Camp Bowie Blvd.
Ft. Worth, TX 76107
817-529-1000 (Telephone)
817-698-9401 (Facsimile)
smaclean@macleanfirm.com
**ATTORNEYS FOR PLAINTIFF**

*Pro Hac Vice* application forthcoming