UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Canaan Johnson,<br><br>                              Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>                              Defendant. | Case No. 1:18-cv-316-RP<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS** |

## INTRODUCTION

Plaintiff Canaan Johnson is being withheld from service by his employer—Defendant Union Pacific Railroad Co.—due to his medical condition, which he alleges violates the Americans with Disabilities Act, 42 U.S.C. *§* 12101 *et seq.* ("ADA"). Through this case, he seeks to be put back to work, which he wants to happen as soon as possible. Union Pacific, however, is seemingly approaching the discovery deadlines and its discovery obligations with no sense of urgency.

Most recently, Union Pacific failed to appear at its deposition. Through this motion, Johnson respectfully requests that he be reimbursed for the fees and costs he incurred due to Union Pacific's failure to appear, both because he should not have to pay for a billion dollar company's mistake and because he hopes it will cause Union Pacific to take its discovery obligations more seriously. The Federal Rules of Civil Procedure, along with applicable case law, supports the granting of his motion.

## FACUTAL BACKGROUND

On June 4, 2018, Johnson served a notice of 30(b)(6) deposition on Union Pacific. (Email with Notice of Deposition (Ex. A)). While Johnson unilaterally noticed the deposition for August 3,

2018, he wrote the following to Union Pacific in the email by which he served the notice:

> Please note, that if this date for the Rule 30(b)(6) deposition is not convenient, we will be happy to reschedule for any day during the week of August 6, 2018 (except for August 6, 2018). Please let us know as soon as practical if this date does not work so that we can send out the re-notice.

(Email with Notice of Deposition). Over the next nearly two months, Union Pacific neither objected to the notice of deposition nor in any way informed Johnson that the deposition should be rescheduled. (Email Chain re: Union Pacific's Failure to Appear (Ex. B)).

Accordingly, on August 2, 2018, Johnson's undersigned counsel flew from Norfolk, Virginia to Fort Worth, Texas to depose Union Pacific. (Email Chain re: Union Pacific's Failure to Appear). The next day, after staying in a hotel, Johnson's undersigned counsel appeared at Union Pacific's deposition. (Union Pacific Dep. (Ex. C)). He was met only by the court reporter he had hired. (*Id.*)

Concerned about the well-being of Union Pacific's counsel and representative, Johnson's counsel emailed them, asking if they were alright. (Email Chain re: Union Pacific's Failure to Appear.) Union Pacific informed Johnson's counsel that they were alright but would not be appearing. (*Id.*) Union Pacific explained that a "massive clerical error" had caused it to forget about the deposition. (*Id.*)

While relieved that Union Pacific had failed to appear due to a clerical error, Johnson does not believe he should be stuck with the $12,314.39 in fees and costs such mistake has caused him to incur. (Email Chain re: Fees and Costs Incurred (Ex. D); Stone Dec., ¶¶ 3-4 (Ex. L)). He therefore asked Union Pacific to reimburse him. (*Id.*) Union Pacific, which makes approximately $4 billion in profit per year, refused. (*Compare Id. and* Union Pacific's Form 10-k (Ex. E)).

Though the case is early, Union Pacific has given Johnson other reason to worry that it is not taking its discovery responsibilities seriously:

Case 1:18-cv-00316-RP   Document 14   Filed 08/30/18   Page 3 of 7

- Pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure and the Rule 26(f) Report (Dkt. 9), Union Pacific's Rule 26(a)(1) Disclosures were due, at the latest, on June 18, 2018; however, it did not produce them until over two months later. (Email Chain re: Union Pacific's Initial Disclosures (Ex. F)). And even then, its disclosures did not comply with the Federal Rules of Civil Procedure. (*Id.*)

- Before that, Union Pacific neglected to file the Rule 26(f) Report for over a month and a half, even after Johnson twice reminded it. (Email Chain re: 26(f) Conference (Ex. G).)

- And before that, Union Pacific found one reason or another to delay the Rule 26(f) Conference for nearly a month. (Email Chain re: 26(f) Conference.)

Johnson's concern is especially warranted since, in response to him re-noticing Union Pacific's deposition, Union Pacific has threatened to refuse to appear. (Email with Re-notice of Deposition (Ex. H); Correspondence re: Re-noticed Deposition (Ex. I)). Specifically, on August 21, 2018, after Union Pacific identified a date on which it was available and would actually appear, Johnson re-noticed the deposition for September 6, 2018. (Email with Re-notice of Deposition; Email Chain re: Union Pacific's Availability for the Re-noticed Deposition (Ex. J)). More than a week later, Union Pacific responded by threatening to refuse to appear, claiming that it has thirty days from the date the notice is served to produce documents and that the applicable service date is the date the re-notice was served (September 6, 2018) and not the date the original notice was served (June 4, 2018). (Correspondence re: Re-noticed Deposition). In other words, Union Pacific contends that it need not appear at the deposition because its failure to appear at the original deposition means Johnson has to wait at least thirty more days to depose it. (*Id.*)

## LEGAL STANDARD

Pursuant to Rule 37(d)(1)(A), the Court may order sanctions for a party's failure to appear at its deposition. In addition to or in lieu of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), "the [C]ourt **must** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

3

was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). This Court has "correctly found that imposition of attorney's fees [is] one of the least severe sanctions[ ] under the Court's Rule 37(b) sanctioning authority[.]" *Jane Envy, LLC v. Infinite Classic Inc.*, No. 14-cv-065, 2016 U.S. Dist. LEXIS 130954, at *17 (W.D. Tex. Sep. 26, 2016)

## ARGUMENT

Union Pacific has the burden to prove that its failure to appear was either "substantially justified" or other circumstances make an award of expenses unjust. Union Pacific, which is a billion dollar company, can show only that its failure to appear was inadvertent. Such showing is insufficient to force Johnson to pay the fees and costs its mistake caused him to incur.

Rule 37(b)(2)(A)(A)(i)-(iv) not only authorizes the Court to impose sanctions on Union Pacific for failing to appear at its deposition but also requires it to award attorneys' fees and costs against Union Pacific; this Rule is qualified by the by the term "substantially justified." So what does it mean for a failure to appear to be "substantially justified?" In *Pierce v. Underwood*, 487 U.S. 552, 565, "the Supreme Court concluded that 'substantially justified' means that there exists a 'genuine dispute' or that "reasonable people could differ" as to whether the contested action was appropriate." Importantly, "[a] finding of bad faith or willfulness is not required in order to impose sanction**s** under Rule 37(d), and a negligent failure to appear is within the scope of the rule." *Shumock v. Columbia/HCA Healthcare Corp.*, No. 99-cv-1777, 1999 U.S. Dist. LEXIS 17783, at *4-6 (E.D. La. Nov. 9, 1999).

Union Pacific's mistake therefore does not alleviate it of its responsibility to reimburse Johnson for the fees and costs its failure to appear caused him to incur. It is unsurprising then that courts in similar circumstances have awarded fees and costs. *See*, *e.g.*, *Walters v. Sentry Link LLC*, No. 16-cv-383, 2018 U.S. Dist. LEXIS 22097, at *6 (W.D. Tex. Feb. 9, 2018); *Jane Envy*,

2016 U.S. Dist. LEXIS 130954, at *17 (W.D. Tex. Sep. 26, 2016); *see also LaFavors v. Thayer*, 706 F. App'x 489, 491-92 (11th Cir. 2017) ("[T]he district court did not abuse its discretion in ordering [the plaintiff] to pay sanctions for his failure to appear for his own deposition."); *Oldershaw v. Davita Healthcare Partners, Inc.*, No. 15-cv-01964, 2018 U.S. Dist. LEXIS 112600, at *8-9 (D. Colo. July 6, 2018). And given that Union Pacific is a billion dollar company, other circumstances not only do not make an award of fees and costs unjust, but also would make the opposite true.

With its back against the wall, Union Pacific has tried to avoid reimbursing Johnson for the fees and costs its mistake caused him to incur by arguing that "FRCP 5(b)(2)(E) requires that the parties agree to service electronically" and that it was "not certain that agreement was in place in when the notice was of deposition was emailed to it." (Email Chain re: Union Pacific's Failure to Appear.) The parties had, in fact, agreed to accept service via email just two days earlier. (Email Chain re: 26(f) Conference; the Rule 26(f) Report).

Union Pacific has also argued that "under the Local Rules for Western District[,] electronic service is effective only when it is accompanied by the Notice of Electronic Filing ('NEF') generated by the court's electronic filing system (Local Rule CV-5)." (Email Chain re: Union Pacific's Failure to Appear.) But Rule CV-5 of the Local Rules states only that "the [NEF] generated by the court's electronic filing system constitutes service of the document on those registered as Filing Users" and not that this is the sole means of service. Plus, Union Pacific has continued to serve its discovery requests via email without filing anything with the Court's electronic filing system. (Email with Union Pacific's Discovery Requests (Ex. H)).

As a last resort, Union Pacific has argued that Johnson "made no attempt to confirm an agreeable date for the deposition, and a simple courtesy call the week before would have prevented [him] any financial harm as [it] would have advised that the deposition was not on [its]

calendar." But as quoted *supra* at 2, Johnson offered numerous alternative dates, and it would set a dangerous precedent to require a party to continuously ensure that opposing counsel is managing its own calendar.

At day's end, Union Pacific is responsible for its own mistake. And while it was simply a mistake, such mistake caused Johnson to incur $12,314.39 in fees and costs. Pursuant to the Federal Rules of Civil Procedure, as well as fundamental ideas of fairness, Union Pacific is required to reimburse him for them.

## CONCLUSION

For the forgoing reasons, Johnson's motion to compel should be granted.

Dated: August 29, 2018

**THE MOODY LAW FIRM**

s/ Nicholas D. Thompson
Nicholas D. Thompson (admitted *Pro Hac Vice)*
　　nthompson@moodyrrlaw.com
Jonathan L. Stone (admitted *Pro Hac Vice)*
　　jstone@moodyrrlaw.com
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Telephone: (757) 393-4093
Fax: (757) 397-7257

**MACLEAN LAW FIRM, P.C.**
John R. "Scotty" MacLean
　　smaclean@macleanfirm.com
4916 Camp Bowie Blvd.
Ft. Worth, TX 76107
Telephone: (817) 529-1000
Fax: (817) 698-9401

**ATTORNEYS FOR PLAINTIFF**

Case 1:18-cv-00316-RP   Document 14   Filed 08/30/18   Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic mean, as more fully reflected on the Notice of Electronic filing:

Fred S. Wilson
TBN: 00788687
Union Pacific Railroad Company
801 Louisiana, Suite 300
Houston, Texas 77002
Telephone: (713) 220-3224
Email: fredwilson@up.com

Torry N. Garland
TBN: 3135499
1400 Douglas Street
MS 1580
Omaha, NE 68179
Telephone: (402) 544-3135
Email: tngarland@up.com

*Attorney for Defendant Union Pacific Railroad Company*

                                                      s/Nicholas D. Thompson

7